UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 MAY 21  AM 11: 43

CLERK
BY /s/
DEPUTY CLERK

| | |
|---|---|
| KEZIAH THAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-cv-223 |
| | ) |
| LAURA KNOWLES, Supervisor Vermont Department for Children and Families ("DCF"); KAREN SHEA, Former Deputy Commissioner for the DCF Family Service Division ("FSD"); MONICA BROWN, DCF Case Worker; CHRISTOPHER CONWAY, DCF Case Worker; JENNIFER BURKEY, DCF District Director, each in their individual capacities; and DOES 1–10, individually; KENNETH SCHATZ, Commissioner, DCF, in his individual and official capacities; JOHN W. DONNELLY, individually; JOHN W. DONNELLY, Ph.D., PLLC; LUND FAMILY CENER, INC.; CHRISTINE JOHNSON, Deputy Commissioner of DCF, for the FSD; the VERMONT DEPARTMENT OF CHILDREN AND FAMILIES; JUSTICES OF THE VERMONT SUPREME COURT; and VERMONT CHIEF SUPERIOR JUDGE, in their official capacities, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON LIMITED DISCOVERY**
**(Doc. 96)**

Following a hearing on May 20, 2021, the court GRANTS Plaintiff's motion for discovery to supplement the record (Doc. 96) in part. The court takes this action for the following reasons. In support of the motion to dismiss this case on *Rooker-Feldman* grounds and other bases, the nonjudicial defendants attached exhibits drawn from the Vermont Superior Court, Family Division records of CHINS and termination of parental rights proceedings

concerning Plaintiff's children. (Doc. 53-1.) These include excerpts from transcripts, case plans, and other juvenile docket filings. Some records appear to have been drawn from the DCF case file itself.

The court understands that counsel for the nonjudicial defendants has shared all such documents that he has with counsel for Plaintiff. But Plaintiff represents that she has been able to "inspect" (but not copy) the Family Division records under 33 V.S.A. § 5117, and that the record contains other materials that are not in either party's possession. And she asserts that she does not have access to the DCF "case notes." Although Plaintiff does not argue that any of the documents that the nonjudicial defendants have attached are falsified, she does assert that they are misleading.

Fairness requires that Plaintiff have access to the same body of information in order to respond to the motion to dismiss. *Cf. Arce v. Turnbull*, No. 18-CV-635 (LJV), 2020 WL 2468190, at *4 (W.D.N.Y. May 13, 2020) (facts relevant to "facial" Rule 12(b)(1) challenge include the plaintiff's well-pleaded factual allegations and a "repository of *uncontested* facts" (emphasis added; quoting *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001))), *report and recommendation adopted*, 2020 WL 4059108 (W.D.N.Y. July 20, 2020). The court limits this discovery to the docket entries, filings, transcripts and other materials comprising the Family Division records for the three children from initial filing until the termination of parental rights orders. Additionally, Plaintiff shall receive copies of the case notes maintained by the Department of Children and Families, subject to objection. Any documents withheld from production shall be identified in a log.

3

Production shall occur within 30 days.  Counsel have agreed to confer about the mechanics of arranging for production.  Plaintiff shall supplement her response to the motion to dismiss within 30 days thereafter.  Any reply shall be filed within 15 days.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of May, 2021.

                                               Geoffrey W. Crawford, Chief Judge
                                               United States District Court