UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 FEB 16 PM 12: 54

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| KEZIAH THAYER, MARTHA THAYER, and ELAM THAYER, <br><br> Plaintiffs, <br><br> v. <br><br> LAURA KNOWLES, Supervisor Vermont Department for Children and Families ("DCF"); KAREN SHEA, Former Deputy Commissioner for the DCF Family Services Division ("FSD"); MONICA BROWN, DCF Case Worker; CHRISTOPHER CONWAY, DCF Case Worker; JENNIFER BURKEY, DCF District Director, each in their individual capacities; KENNETH SCHATZ, Commissioner, DCF, in his individual and official capacities; JOHN W. DONNELLY, individually; and JOHN W. DONNELLY, Ph.D., PLLC; CHRISTINE JOHNSON, Deputy Commissioner of DCF, for the FSD; the VERMONT DEPARTMENT OF CHILDREN AND FAMILIES, <br><br> Defendants. | Case No. 5:19-cv-223 |

**ORDER ON DONNELLY DEFENDANTS' MOTION TO DISMISS OR FOR
JUDGMENT ON THE PLEADINGS
(Doc. 210)**

Plaintiff Keziah Thayer ("Ms. Thayer") and her biological parents Martha and Elam Thayer ("Grandparents")[1] allege that the above-captioned defendants created or participated in "a system that they each have reason to know is stripping fit parents and families from their children (and grandchildren)." (Doc. 188 ¶ 3.) Plaintiffs claim that this system of "sophisticated

---

[1] All plaintiffs are proceeding under pseudonyms to protect their privacy.

child-theft" resulted in Ms. Thayer's loss of custody of her three children and deprived Grandparents of their right to adopt their granddaughter. (*Id.* ¶¶ 1–3.) Plaintiffs allege that John W. Donnelly and John W. Donnelly, Ph.D., PLLC (the "Donnelly Defendants") authored a false and misleading "putatively clinical report stating that Ms. Thayer was an unfit parent" and that other defendants "used that report as fodder to make a false case that Ms. Thayer's children should be permanently removed." (*Id.* ¶ 26.) In their Second Amended Complaint, Plaintiffs assert twelve causes of action, including the following claims against the Donnelly Defendants:

- Ms. Thayer's claim for wrongful interference with custody (Count VI);
- Ms. Thayer's claim under 42 U.S.C. § 1983 for violations of her due process rights (Count VII);
- Grandparents' claim for loss of consortium (Count X); and
- A claim by all plaintiffs for civil conspiracy (Count XI).

The court previously dismissed Count X in its entirety. (Doc. 137 at 65; *see also* Doc. 180 at 28 (discussing remaining Grandparent claims).) The court also previously ruled that the *Rooker-Feldman* doctrine bars Ms. Thayer from bringing the civil conspiracy claim in Count XI. (Doc. 137 at 43.) The court dismissed Count XI insofar as Ms. Thayer sought to assert that claim, but left Count XI in the case insofar as Grandparents asserted that claim. (*Id.* at 72–73.)

Currently pending is the Donnelly Defendants' motion to dismiss the remaining claims against them in Counts VI, VII, and XI. (Doc. 210.) The Donnelly Defendants argue that the claims against them are "highly similar (if not nearly identical)" to the claims that the court recently dismissed against the Lund Family Center, Inc. ("Lund") (*see* Doc. 208), and that the claims against the Donnelly Defendants should likewise be dismissed. (Doc. 210 at 1.) The

2

Donnelly Defendants also raise an absolute-immunity defense to Ms. Thayer's § 1983 claim that did not appear in Lund's motion to dismiss. (*Id.* at 20.)

Plaintiffs have filed an opposition stating that they "do not agree that the claims as to Lund were properly dismissed" but acknowledging that their claims against the Donnelly Defendants "are substantially similar" and that briefing the issues again would be unproductive. (Doc. 216 at 2.) Plaintiffs note that any decision on the Donnelly Defendants' absolute-immunity defense "would be effectively *dicta*, given the Court's prior decision," but Plaintiffs have briefed that issue and state that they "reserve all rights to appeal any decision finding the Donnelly Defendants are immune from suit, including prior decisions from the Court." (*Id.* at 2–3.) In reply, the Donnelly Defendants assert that their motion should be granted based on Plaintiffs' concession about applicability of the court's prior ruling on Lund's motion to dismiss. (Doc. 217 at 1–2.) The Donnelly Defendants further contend that, if the court does reach the absolute-immunity defense, "it should conclude that Count VII is subject to dismissal because the Donnelly Defendants are immune from suit under Section 1983 pursuant to *Briscoe v. LaHue*, 460 U.S. 325 (1983) and its progeny." (*Id.* at 3.)

The court presumes familiarity with its prior ruling granting Lund's motion to dismiss. (Doc. 208.) Although the Donnelly Defendants argue for dismissal of Counts VI and VII under *Rooker-Feldman*, the court bypasses that issue by assuming hypothetical statutory jurisdiction. (*See id.* at 5 (same election for Lund's motion to dismiss).) Under the same Rule 12(c) standard that applied on Lund's motion to dismiss (*see id.* at 6), the court concludes that the Donnelly Defendants are entitled to dismissal of the remaining claims against them. The analysis that applied to Lund's motion applies equally to the Donnelly Defendants' motion. The court summarizes briefly below.

The Donnelly Defendants are entitled to judgment on the pleadings as to Count VI because Ms. Thayer has not alleged a plausible claim under § 700 of the Restatement (Second) of Torts. (*See id.* at 8–11.) Ms. Thayer's unlawful-interference-with-custody claim is based on her allegation that the Donnelly Defendants produced a false and misleading clinical report about her fitness as a parent. Such allegations cannot support a § 700 claim. *See Padula-Wilson v. Landry*, 841 S.E.2d 864, 871 (Va. 2020) ("[D]ragging mental health professionals and guardians ad litem into court for their role in a custody and visitation case would be highly detrimental to the process. . . . [N]o cause of action for tortious interference with a parental or custodial relationship may be maintained against a guardian ad litem or an adverse expert witness based upon his/her expert testimony and/or participation in a child custody and visitation proceeding.").[2]

Ms. Thayer's due process claim against the Donnelly Defendants also fails. As the court concluded with respect to Lund, even assuming that the Donnelly Defendants could be deemed state actors, Ms. Thayer has failed to plausibly allege that they denied her federal constitutional rights. As to procedural due process, the Family Division's formal proceedings provided full procedural protections. Regarding substantive due process, the Donnelly Defendants' allegedly wrongful conduct does not rise to tortious interference with custody rights, much less the sort of conscience-shocking conduct that the federal or Vermont due process clauses prohibit. (*See* Doc. 208 at 13–15.)

Finally, the Donnelly Defendants are entitled to judgment on the pleadings as to Grandparents' civil conspiracy claim in Count XI. The allegedly false and misleading report that

---

[2] Vermont law applies to the wrongful-interference claim. (Doc. 208 at 7.) The court cites *Padula-Wilson* as persuasive authority to predict Vermont law in this case.

the Donnelly Defendants produced was not tortious conduct for the reasons stated above, and Grandparents have not specified how production of such a report could otherwise be "unlawful in itself" as required for a Vermont civil conspiracy claim. (*See id.* at 16.) Grandparents' generalized allegations of conspiracy are insufficient to state a plausible civil conspiracy claim under § 1983. (*See id.* at 17–19.) These conclusions make it unnecessary to address the Donnelly Defendants' absolute-immunity argument.

The dismissal of the claims against the Donnelly Defendants is with prejudice. As in the case of the claims against the Lund Family Center, the plaintiffs have stated their claims clearly and with considerable factual detail. This is not a case in which improved or amended pleadings will change the outcome.

## Conclusion

John W. Donnelly and John W. Donnelly, Ph.D., PLLC's Motion for Judgment on the Pleadings (Doc. 210) is GRANTED. All remaining claims against the Donnelly Defendants are DISMISSED WITH PREJUDICE.

Dated at Burlington, in the District of Vermont, this 16th day of February, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court